**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ASHRAF IBRAHIM LUBBAD** | : | **DOCKET NO. 2:05-cv-2184**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **IMMIGRATION & CUSTOMS ENFORCEMENT, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a "Motion to Dismiss" [doc. 17] filed on behalf of the respondents in the above-captioned *habeas corpus* matter. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

A petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 was filed by petitioner, Ashraf Ibrahim Lubbad, on December 16, 2005 challenging his continued detention in post-removal-order custody. The petition alleges that Petitioner has been under a final removal order since May 31, 2005 and that he has been in post-removal-order detention since that time. He claims that there is no significant likelihood of removal in the reasonably foreseeable future.

In light of the facts presented by the petitioner, the court ordered the government to respond to the petition. Following the filing of the answer and a response from the petitioner, the court determined that an evidentiary hearing was necessary for the adjudication of this *habeas corpus* petition. However, prior to the evidentiary hearing set for June 20, 2006 the respondent has came forward with summary judgment evidence to demonstrate that petitioner was released from post-removal-order custody on April 4, 2006 by means of his removal to the Palestinian Territories in the Middle East. See Government Exhibit A.

At the time that this petition was filed, petitioner was in detention pursuant to the statutory authority of § 241 of the INA, and he sought to have the court review his post-removal-order detention. However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed.

For this reason,

IT IS RECOMMENDED that the "Motion to Dismiss" [doc. 17] be GRANTED and that this petition be DENIED AND DISMISSED WITHOUT PREJUDICE as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of June, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE